sharonn  CPCC.CV.1085992

# Citation

DRAKE DAVID
VS
MANUEL MARTINEZ, ET AL

NO. 615872– A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   MANUEL MARTINEZ
THRU HONORABLE SECRETARY OF STATE
BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court, at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 18, 2019.

*Also attached are the following:    **MIKE SPENCE, CLERK OF COURT**

__XX__ REQUEST FOR ADMISSIONS OF FACTS

__XX__ INTERROGATORIES

__XX__ REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____

Deputy Clerk

_____JOSEPH GREGORIO_____

Attorney

# FILE COPY



EXHIBIT A

| | |
|---|---|
| **DRAKE DAVID** | DOCKET NO. 615872 · A |
| **VERSUS** | 1ST JUDICIAL DISTRICT COURT |
| **MANUEL MARTINEZ, ET AL** | CADDO PARISH, LOUISIANA |
| **ASSIGNMENT:** | SECTION ____ JUDGE ____ |

### PETITION FOR DAMAGES

The petition of **DRAKE DAVID**, person of lawful age, individually, resident of and domiciled in the State of Louisiana, who upon information and belief, respectfully represents that:

1.

Made defendants herein are:

1. **MANUEL MARTINEZ** a person of the full age of majority and domiciled in the State of Texas, who may be served through the Louisiana long arm statute at his address of 601 Walnut Hill Road, Lufkin, Texas 75941 and through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

2. **ASPLUNDH TREE EXPERT COMPANY,** who upon information and belief is a domestic corporation authorized to do and doing business in the State of Louisiana, who at all material times herein was the employer of **MANUEL MARTINEZ** and which may be served through their agent of service, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

3. **GREENWICH INSURANCE COMPANY,** who upon information and belief is a domestic insurance corporation, authorized to do and doing business in the State of Louisiana, who at all material times herein was the liability insurer of **MANUEL MARTINEZ** and/or **ASPLUNDH TREE EXPERT COMPANY** which may be served through the agent of service, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

2.

Said defendants are indebted jointly, severally, and in solido unto your petitioners, **DRAKE DAVID** in an amount of damages reasonably calculated to adequately compensate her for the injuries and damages sustained in an automobile collision that occurred on or about June 1, 2018 at approximately 5:06pm along I-20 in Shreveport, Caddo Parish, Louisiana, all of which is more particular plead and described hereinafter; together with legal interest from the date of judicial demand until paid and for costs of these proceedings.

3.

On or about June 1, 2018 at approximately 5:06pm, **DRAKE DAVID**, was the driver of a 1997 Ford F150, LA license plate C415285, obeying all local, state, and federal traffic laws.

4.

At the time of the accident, the weather was clear, the roadway was dry and it was daylight.

### NEGLIGENCE ALLEGATIONS AS TO MANUEL MARTINEZ

5.

On or about June 1, 2018 at approximately 5:06pm, **MANUEL MARTINEZ** operating a 2013 Ford F750 Super Duty, ID license plate 2192531, along I-20 was inattentive and/or distracted, following too




closely, and failed to maintain proper lookout in Shreveport, Caddo Parish, Louisiana.

6.

**MANUEL MARTINEZ** was operating the 2013 Ford F750 Super Duty, ID license plate 2192531, in Shreveport, Caddo Parish, Louisiana, was following too closely, inattentive and/or distracted, and failed to stop timely, thereby causing his vehicle to collide with the rear of the vehicle occupied by **DRAKE DAVID**.

7.

The vehicle operated by **MANUEL MARTINEZ** collided with the rear of the vehicle operated by **DRAKE DAVID**, resulting severe personal injury and vehicle damage.

8.

The petitioner shows that defendant, **MANUEL MARTINEZ**, is responsible and strictly liable to the petitioner for the damages suffered, and was the cause of the aforesaid accident and damages and as such the liability policy of **MANUEL MARTINEZ** and/or the **ASPLUNDH TREE EXPERT COMPANY** with **GREENWICH INSURANCE COMPANY** covered him.

9.

**MANUEL MARTINEZ** operated the above-mentioned automobile, as such the liability policy of **MANUEL MARTINEZ** and/or **ASPLUNDH TREE EXPERT COMPANY** with **GREENWICH INSURANCE COMPANY** covered him.

10.

Said accident and resultant injuries and losses suffered by the petitioner, **DRAKE DAVID**, were due proximately to the actions and omissions of negligence, carelessness, fault and recklessness of **MANUEL MARTINEZ**, while in the course and scope of his employment, which may be imputed to his employer, **ASPLUNDH TREE EXPERT COMPANY** as follows:

- A) Reckless and careless operation of his vehicle;
- B) Failure to maintain a proper lookout;
- C) Following too closely;
- D) Failure to properly apply brakes on the automobile so as to avoid and/or prevent it from colliding with other vehicles;
- E) In being inattentive and not doing what he should have done or seeing what he should have seen in order to avoid the accident; and
- F) Negligence per se by violating state and municipal traffic laws.

## DRAKE DAVID'S DAMAGES

11.

As the proximate result of the negligence of the defendants mentioned hereinabove, petitioner, **DRAKE DAVID**, sustained severe personal injuries, continuing physical and emotional and psychological injuries due to the accident as can best be described by the petitioner's treating physicians.

12.

**DRAKE DAVID** has suffered from neck pain, pain in both shoulders, and low back pain,, in addition to general discomfort, mental anguish and distress to date all of which will continue for an indefinite period of time and which have resulted in hospital, medical and other related expenses, all of which will likewise continue into the future for an indefinite period of time.

13.

The petitioner specifically pleads the following damages:

    A) Past medical expenses;
    B) Future medical expenses;
    C) Past and future physical pain and suffering;
    D) Past and future mental pain and anguish;
    E) Loss of enjoyment of life;
    F) Past and Future lost wages; and
    G) Property damage.

## ADDITIONAL ALLEGATIONS

14.

The petitioner avers that it will be necessary to employ experts herein, including medical experts, to testify at the trial of this matter and as such a result, the expert witness' fees should be taxed as costs and defendants should be condemned to pay same along with all other costs.

15.

Upon information and belief, at all times mentioned, **GREENWICH INSURANCE COMPANY** was the liability insurers of **MANUEL MARTINEZ** and/or **ASPLUNDH TREE EXPERT COMPANY** and had issued a public liability policy which is believed to be insuring losses, damages and injuries of the nature and situation those hereinafter described and herein sued on, and that by virtue of the existence of said policy, which was in full force and effect, the petitioner has a right of direct action against **GREENWICH INSURANCE COMPANY**.

16.

Pursuant to the Louisiana Code of Civil Procedure, an order should be issued herein directed to the defendants, **GREENWICH INSURANCE COMPANY**, ordering each to produce and make available to the petitioner the original or a certified copy of any and all insurance policies, including all attachments, endorsements and excess policies, which provided coverage for the injuries and damages sustained by petitioner as a result of the above described accident.

17.

The defendants have in their possession the following documents which are necessary and material to the intelligent preparation of petitioners' case and same should be filed and produced into Court for inspection and/or copying by petitioners at the earliest practical date. By them and evidence derived therefrom, petitioners will prove the allegations set fourth in this petition. Said documents are:

A) Statements taken from **DRAKE DAVID**;
B) Photographs taken of the vehicles involved;
C) Photographs taken at the scene of the accident; and,
D) Any policies of public liability or property damage insurance covering this accident.

18.

And now, pleading in the alternative and only in the alternative, if this Honorable Court should hold and find that the petitioner, **DRAKE DAVID**, was negligent, then and in that event, petitioner shows that the defendants are liable to petitioners, in solido, in the amount to be in proportion to the degree or percentage of negligence or fault attributable to each part as provided under the comparative Negligence Laws of the State of Louisiana.

19.

The petitioner attaches certain interrogatories, request for production of documents and request for admissions to each defendant's service copy of this original Petition, which defendants are to answer in writing, under oath, within the time delays provided by law and to provide copies of their answers to the petitioners' attorney.

20.

At all times material herein, **MANUEL MARTINEZ**, defendant, was in the employ of **ASPLUNDH TREE EXPERT COMPANY** and was in the course and scope of that employment at the time of the accident which is the basis for this action.

21.

The petitioners allege amicable demand without avail.

**WHEREFORE**, Petitioner respectfully prays that this petition be filed into the record and made part thereof, that defendants, **MANUEL MARTINEZ, ASPLUNDH TREE EXPERT COMPANY** and **GREENWICH INSURANCE COMPANY**, be served with a copy of their petition and duly cited to appear and answer same, and that after all legal delays and due proceedings are had, there be judgment rendered in favor of petitioner, **DRAKE DAVID**, and against the defendants herein for the following: (1) such damages as are reasonable, with legal interest from date of judicial demand; (2) that defendants be directed to answer the attached interrogatories, request for production of documents and request for admissions; (3) that expert witness fees be fixed and taxed as costs; and, (4) any and all relief, general and equitable, to which petitioner may be entitled, and (5) trial by jury.

**DRAKE DAVID, FURTHER PRAYS**, that defendants be directed to produce and file into Court, within the delays allowed by law for pleading to this petition, the following documents:

A) Statements taken from **DRAKE DAVID**;
B) Photographs taken of the vehicles involved;
C) Photographs taken at the scene of the accident; and,
D) Any policies of public liability or property damage insurance covering this accident.

DRAKE DAVID, FURTHER PRAYS that an order issue herein, directed to the defendants, ordering them to produce and make available to the petitioners the original or a certified copy of any and all insurance policies, including all attachments, endorsements and excess policies, which provided coverage for the injuries and damages sustained by petitioner as a result of the above described accident.

Respectfully submitted:

_____
JOSEPH A. GREGORIO
1100 Benton Road
Bossier City, Louisiana 71111
Telephone No.: (318) 747-0384
Telecopier No.: (318) 746-5222
LA Bar Roll No. 22,191
ATTORNEY FOR PLAINTIFF, DAVID

PLEASE PERSONALLY SERVE:

1. **MANUEL MARTINEZ**
   through the Louisiana long arm statute
   601 Walnut Hill Road
   Lufkin, Texas 75941

2. **MANUEL MARTINEZ**
   Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, LA 70809

   *PERSONAL SERVICE ONLY is to be made on the above named agent for service of process as per La. C.C.P. Article 1261*

3. **ASPLUNDH TREE EXPERT COMPANY**
   which may be served through their agent of service,
   Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, LA 70809

   *PERSONAL SERVICE ONLY is to be made on the above named agent for service of process as per La. C.C.P. Article 1261.*

4. **GREENWICH INSURANCE COMPANY**
   which may be served through the agent of service,
   Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, LA 70809

   *PERSONAL SERVICE ONLY is to be made on the above named agent for service of process as per La. C.C.P. Article 1261.*

| | |
|---|---|
| **DRAKE DAVID** | **DOCKET NO.** _____ |
| **VERSUS** | **1ST JUDICIAL DISTRICT COURT** |
| **MANUEL MARTINEZ, ET AL** | **CADDO PARISH, LOUISIANA** |
| **ASSIGNMENT:** | **SECTION ____ JUDGE_____** |

## ORDER

**THE FOREGOING PETITION CONSIDERED:**

**IT IS ORDERED** that defendants, **MANUEL MARTINEZ, ASPLUNDH TREE EXPERT COMPANY** and **GREENWICH INSURANCE COMPANY** be served with a copy of their petition and duly cited to appear and answer same;

**IT IS FURTHER ORDERED** that defendants be directed to answer the attached interrogatories, request for production of documents and request for admissions within the time delays provided by law;

**IT IS ORDERED THAT** defendants be directed to produce and file into Court, within the delays allowed by law for pleading to this petition, the following documents:

A) Statements taken from **DRAKE DAVID**;

B) Photographs taken of the vehicles involved;

C) Photographs taken at the scene of the accident; and,

D) Any policies of public liability or property damage insurance covering this accident.

**IT IS FURTHER ORDERED** that the defendants, **MANUEL MARTINEZ, ASPLUNDH TREE EXPERT COMPANY** and **GREENWICH INSURANCE COMPANY** produce and make available to petitioners the original or a certified copy of any and all insurance policies, including all attachments, endorsements and excess policies, which provided coverage for the injuries and damages sustained by petitioners as a result of the accident described in the foregoing petition.

**THUS DONE AND SIGNED** in Shreveport, Caddo Parish, Louisiana, on this 17th day of April, 2019.

_____
JUDGE

| | |
|---|---|
| **DRAKE DAVID** | **DOCKET NO.** _____ |
| **VERSUS** | **1ST JUDICIAL DISTRICT COURT** |
| **MANUEL MARTINEZ, ET AL** | **CADDO PARISH, LOUISIANA** |
| **ASSIGNMENT:** | **SECTION ___ JUDGE** _____ |

**FIRST SET OF WRITTEN INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF, TO DEFENDANT, MANUEL MARTINEZ**

NOW INTO COURT, through undersigned counsel, comes **DRAKE DAVID**, who propound the following written interrogatories upon Defendant, **MANUEL MARTINEZ** (hereinafter sometimes referred to as "you", "your" or "defendant"), which said interrogatories are to be answered by them fully, completely and under oath within the delays provided by the Louisiana Code of Civil Procedure and which said interrogatories are to be deemed continuing and answered if and when the information sufficient to answer them comes within its knowledge or possession, to-wit:

### Definitions and Instructions

1. These interrogatories and requests are deemed continuing interrogatories, requiring supplemental answers thereto to be immediately given in the event that information is discovered, acquired or becomes known to you which would require amendment or supplementation of the answers to these interrogatories in order for your answers to be proper, complete and/or truthful.

2. In answering these interrogatories and requests, furnish such information as is available to you, not merely information you now have of your own personal knowledge. This is deemed to require you to furnish information which is in your possession or which is in the possession of your agents, attorneys and any other person who is subject to your custody or control.

3. If you cannot answer an interrogatory or subpart fully, please answer the interrogatory or subpart to the fullest extent possible, specifying with particularity and in detail the reason(s) for you inability to answer the remainder of the interrogatory or subpart and stating whatever information or knowledge you have concerning the unanswered portion, what information you do not have and what efforts you made to obtain the unknown information.

4. Certain of these interrogatories and requests may ask you to identify documents which "refer or relate" to a particular subject matter. The term "refer or relate" calls for the identification of documents that either have some bearing on the subject or mention the subject, even if only in passing.

5. With regard to information for which you claim a privilege, please state the type of privilege claimed and the statute or case law forming its legal basis.

6. If the answer to any interrogatory or any subpart of any interrogatory is not made from the personal knowledge of the person answering, as to each such interrogatory or subpart identify each person from which, and/or each document from which, information was obtained to make the particular answer and identify each person having personal knowledge of such information.

7. "Document" means any printed, typewritten or handwritten instrument of whatever character of physical expression or any means of storage of information and includes, without limitation, any account ledger, bank statement, canceled check, correspondence, memorandum, contract, agreement, letter, diary, calendar, day-timer, handwritten or typewritten note, computer printout, computer tape, microfilm, microfiche, tape recording, photograph, motion picture, plat, plate, diagram, survey, voice tapes, recordings, other items of a similar nature.

8. "Communication" is the transmission of information from one person to another or in the presence of another whether written, oral, telephonic, electronic or by any other means.

9. "Person" means the plural as well as the singular and includes, without limitation, any natural person as well as any form of legal entity such as a firm, corporation, unincorporated association, partnership or other form of legal entity, unless the context clearly indicates otherwise.

10. "Identify" or "Identity" means to provide the following information and any other additional information which may be specifically requested in a given interrogatory or request:

    a.) With respect to a natural person, "identification" or "identify" mean to state the person's full name, employer, title, job description, business and home addresses, business and home telephone numbers and his relationship with the adverse party.

    b.) With respect to a person other than a natural person, including any business entity, "identification" or "identify" means to state its full name, its principal place of business address and its date and place of formation, the type of legal entity which it is, its chief executive officer, the name and address of its agent for service of process in Louisiana and its relationship with the adverse party.

    c.) With respect to a document, "identification" or "identify" means to state its title, date, author, addressee, all recipients, subject matter or general nature, the file source in which the document is located, the relevant pages to the specific inquiry, the present location of the document and the identity, as used herein, of its custodian. Where both originals and non-identical copies are available, please so state and describe in detail the manner in

which each of the non-identical copies differ from the original. Such documents are in your possession, your attorney's possession or the possession of any other person who is subject to your control and whether or not the document is claimed to be privileged. In lieu or identifying any document where all information which the identification of the document would provide is evident form the document itself, a copy of the original and all non-identical copies may be provided.

d.) With respect to oral statements or communications, "identification" or "identify" means to state the maker, recipient, when made, where made, the persons present when the communication was made, the mode of communication and the subject matter and date of the communication.

11. "Defendant", "you", "your" and "adverse party" shall refer to **MANUEL MARTINEZ**, including, but without limitation, the present or former officers, directors, employees, attorneys, adjusters, accountants, investigators and agents of Defendant.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State with respect to the defendant(s), the following:

A) Full, correct name;

B) Date and place of birth;

C) Home address and telephone number;

D) Business or school address and telephone number;

E) Occupation;

F) Social Security Number; and,

G) All prior residence addresses for the five years preceding the accident.

### INTERROGATORY NO. 2:

With regard to the actual happening of the incident which is the subject matter of this litigation, give a general statement of how the accident happened.

### INTERROGATORY NO. 3:

Please state as accurately as you can, the time when the accident sued upon herein happened, giving the date, hour and minute.

### INTERROGATORY NO. 4:

Please state the make, model, VIN number, license plate number and owner's and operator's name and address, year of manufacture of the defendants' vehicle involved in the accident.

Page 3 of 8

**INTERROGATORY NO. 5:**

Please describe the exact point of the collision, naming the roadway in which such accident happened, and giving the name and the location of the nearest intersecting roadway.

**INTERROGATORY NO. 6:**

If at the time of the alleged occurrence **MANUEL MARTINEZ'S** motor vehicle operator's license contained any restrictions of any kind with regard to the operation of any motor vehicle, please state with full particulars.

**INTERROGATORY NO. 7:**

Please state where **MANUEL MARTINEZ** was coming from and where he was going at the time of the accident, giving in the answer the place where **MANUEL MARTINEZ** last entered the vehicle and his next destination.

**INTERROGATORY NO. 8:**

Please describe fully and completely how the alleged occurrence happened, stating in the answer all events relating thereto in their sequential order.

**INTERROGATORY NO. 9:**

Please state the time in minutes and seconds that elapsed between the time that the operator of the motor vehicle first observed **DRAKE DAVID** had exited the vehicle and the time of impact.

**INTERROGATORY NO. 10:**

Please describe as fully as possible the weather and road conditions at the time and location of the alleged occurrence, setting forth conditions of light, precipitation, and temperature.

**INTERROGATORY NO. 11:**

Please state everything **MANUEL MARTINEZ** saw **DRAKE DAVID** do up to the moment the motor vehicle **MANUEL MARTINEZ** was operating came in contact with the petitioner.

**INTERROGATORY NO. 12:**

Please state everything **DRAKE DAVID** did as well as everything you did to avoid the accident from the time you first saw **DRAKE DAVID** exit the vehicle up to the time of impact.

**INTERROGATORY NO. 13:**

Please state everything **MANUEL MARTINEZ** did from the moment he first noticed the petitioner until the moment of the alleged accident.

### INTERROGATORY NO. 14:

Please state where the defendant was at the time the operator first saw **DRAKE DAVID**, giving measurements and relative position with regard to any identifiable objects in the immediate vicinity, as far as possible.

### INTERROGATORY NO. 15:

State whether there was in full force and effect at the time of the accident, a policy providing liability insurance which covered this accident; state whether or not there were any other policies of insurance including umbrella policies in effect which also cover the accident, and if so, the name of the insurer, the policy number, the effective dates of the policy, and the applicable policy limits for each. Consider this a production of documents attach the copy of all insurance policies covering the accident in question to these interrogatories.

### INTERROGATORY NO. 16:

Do you know or does anyone acting on your behalf know of any witnesses to the accident sued upon herein and if so, identify all witnesses; whether anyone acting on your behalf has taken a statement from any of said witnesses and if so, identify the person from whom a statement has been taken or was attempted to be taken, the date of the statement, whether the statement was written or recorded and the name and address of the present possessor of said statement or recording; give the facts known by each said witnesses.

### INTERROGATORY NO. 17:

Identify all witnesses whom you or your attorney plan to call as witnesses on your behalf at the trial of this case on the merits, and for each of said witness give the facts which you intend to prove through his or her testimony.

### INTERROGATORY NO. 18:

Did you or anyone acting on your behalf obtain a written, recorded or oral statement from the plaintiff(s) and, if so, Identify the persons who took the statement, the type of statement, and the date on which the statement was taken.

### INTERROGATORY NO. 19:

Have you or anyone acting on your behalf consulted with or retained anyone who has or claims to have any expertise with respect to any of the issues involved in this litigation and if so please identify any such expert(s); the nature of expertise; the facts known by such expert; whether the expert has rendered an opinion and if so, whether said opinion has been communicated and the date of the communications; whether you or anyone acting on your behalf has a copy of said expert's written

opinion and if so, attach a copy thereof to your Answers to Interrogatories; and, whether you or your attorney plan to call said expert as a witness at trial and if so, what fact or facts do you intend to establish through his or her testimony.

### INTERROGATORIES NO. 20:

Identify all documentary and physical evidence which you intend to introduce as evidence on your behalf at trial of this case on the merits and for each item give the fact or facts which you intend to establish through introduction thereof.

### INTERROGATORY NO. 21:

Please state whether **MANUEL MARTINEZ** has been charged or arrested for any local, state or federal criminal violations in the last 10 years. If so, state the nature of the charges/violations and the disposition of such charges and/or violations.

### INTERROGATORY NO. 22:

Please state whether **MANUEL MARTINEZ** was, at the time of the accident, or had been consuming/ingesting/using within 72 hours prior to the accident herein sued upon any alcohol, narcotic, drug, stimulant, or medication; and, describe the alcohol, narcotic, drug, stimulant, medication, and in what amount it was taken.

### INTERROGATORY NO. 23:

Please state whether **MANUEL MARTINEZ**, owned a mobile phone at the time of this accident or had access or possessed a mobile phone in the vehicle with him at the time of the accident? If so, please state the phone number and mobile phone carrier/operator which the phone is connected? Please state if you were on the phone at lease 15 minutes prior to the accident or 15 minutes after the accident? If so, who did you call and for what reason? Please produce you phone bill for the date in question.

### INTERROGATORY NO. 24:

Please state whether **MANUEL MARTINEZ** was charged with any violation resulting from the accident herein sued upon. State whether said charges are pending or disposed of, and the outcome.

### INTERROGATORY NO. 25:

State whether you or any of your employees, agents, officers, or others acting on your behalf have photographs, diagrams, designs, depictions, or surveillance files and if so, please state the number of photographs, the general scene which they depict, or any object or person involves in the accident the day on which said photographs were taken, the persons by whom said photographs were taken, and the person having physical custody or possession of the photographs as of the time of answering of these interrogatories.

Page 6 of 8

**INTERROGATORY NO. 26:**

If defendant claims plaintiff(s) were guilty of any negligence in connection with this incident, then state precisely in what respects it is claimed the plaintiff(s) were guilty of negligence and what percentage of fault is the plaintiff(s) alleged to have committed.

**INTERROGATORY NO. 27:**

Do the answers to each and every one of the foregoing interrogatories include not only the information known to you or your attorney, but also all information within the possession or control of your attorney and have you been informed that you are answering these interrogatories under oath and that your answers may be used as evidence at the trial of this matter?

**INTERROGATORY NO. 28:**

If you contend that you were not acting in the course and scope of your employment at the time of the accident, please state with specifically why and if so, please state your job duties, rate of pay and working hours.

**INTERROGATORY NO. 29:**

Please identify who owned and/or leased the vehicle you were driving and please produce rental agreements and all paper work related to the lease of the vehicle you were driving.

PURSUANT TO LOUISIANA CODE OF CIVIL PROCEDURE ARTICLE 1458, PLEASE SIGN YOUR INTERROGATORY ANSWERS, CERTIFYING THAT YOU HAVE READ BOTH THESE INTERROGATORIES AND YOUR ANSWERS TO THEM AND THAT THE ANSWERS ARE TRUE AND CORRECT TO THE BEST OF YOUR KNOWLEDGE.

### REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 1:**

By way of request for production of documents, please furnish a copy of each statement referred to in your answer to Interrogatories above.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 2:**

By way of a request for production of documents, please furnish a copy of each physical and documentary evidence referred to in your answer to Interrogatories above.

Respectfully submitted:

_____
JOSEPH A. GREGORIO
1100 Benton Road
Bossier City, Louisiana 71111
Telephone No.: (318) 747-0384
Telecopier No.: (318) 746-5222
LA Bar Roll No. 22,191
ATTORNEY FOR DRAKE DAVID

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this \_\_\_\_ day of _____, 2019, served a copy of the foregoing pleading on counsel for all parties to this proceedings by serving same attached to the foregoing Petition for Damages.

_____
JOSEPH A. GREGORIO

| | |
|---|---|
| **DRAKE DAVID** | **DOCKET NO.** _____ |
| **VERSUS** | **1ˢᵀ JUDICIAL DISTRICT COURT** |
| **MANUEL MARTINEZ, ET AL** | **CADDO PARISH, LOUISIANA** |
| **ASSIGNMENT:** | **SECTION ____ JUDGE_____** |

<u>**REQUEST FOR ADMISSIONS**</u>

**TO: MANUEL MARTINEZ
ASPLUNDH TREE EXPERT COMPANY
GREENWICH INSURANCE COMPANY**

YOU ARE HEREBY NOTIFIED that the attached Request for Admissions is served upon you in accordance with LSA-C.C.P. Art. 1466. The requested admissions, if made, shall be for purposes of the above entitled and numbered cause only. Any fact concerning which an admission is requested that is not denied by serving the denial upon the plaintiff through his attorney of record within the appropriate delays after service shall be deemed admitted.

Shreveport, Caddo Parish, Louisiana this 11 day of April, 2019.

Plaintiff, **DRAKE DAVID**, persons of lawful age, resident of and domiciled in the State of Louisiana, requests that defendants, **MANUEL MARTINEZ, ASPLUNDH TREE EXPERT COMPANY** and **GREENWICH INSURANCE COMPANY**, admit the truth of the following facts within the appropriate delays after receipt of the request, pursuant to LSA-C.C.P. Art. 1467.

1.

Admit that at the time of the accident, herein sued upon, **MANUEL MARTINEZ** was operating the 2013 Ford F750 Super Duty, ID license plate 2192531, along I-20 in Shreveport, Caddo Parish, Louisiana.

2.

Admit that at the time of the accident, herein sued upon, **MANUEL MARTINEZ**, was operating the 2013 Ford F750 Super Duty, ID license plate 2192531 license plate that was owned by **ASPLUNDH TREE EXPERT COMPANY**.

3.

Admit that at the time of the accident, herein sued upon, **DRAKE DAVID** was the driver of a 1997 Ford F150, LA license plate C415285, obeying all local, state, and federal traffic laws.

4.

Admit that at the time of the accident, **MANUEL MARTINEZ** and/or **ASPLUNDH TREE EXPERT COMPANY** were insured by **GREENWICH INSURANCE COMPANY**.

5.

Admit that at the time of the accident, herein sued upon, **MANUEL MARTINEZ** was operating the 2013 Ford F750 Super Duty, ID license plate 2192531 license plate, owned by **ASPLUNDH TREE EXPERT COMPANY** and was involved in a vehicle collision on June 1, 2018 at approximately 5:06pm in Shreveport, Caddo Parish, Louisiana.

6.

Admit that **MANUEL MARTINEZ**, was operating the 2013 Ford F750 Super Duty, ID license plate 2192531 license plate was following too closely, was inattentive and/or distracted and failed to stop timely

in order to avoid hitting the preceding vehicle operated by **DRAKE DAVID.**

7.

Admit that at the time of the accident, **MANUEL MARTINEZ** while operating the vehicle, failed to keep proper lookout thereby causing a collision with the vehicle operated by **DRAKE DAVID.**

8.

Admit that **DRAKE DAVID** has suffered physical, mental and emotional injuries as a result of the collision herein sued upon.

9.

Admit that **DRAKE DAVID** has suffered and still suffers severe pain, discomfort, limitation of motion, mental anguish and distress as a result of the collision herein sued upon.

10.

Admit that as a result of the accident herein sued upon, **DRAKE DAVID** has incurred medical expenses.

Respectfully submitted:

_____
JOSEPH A. GREGORIO
1100 Benton Road
Bossier City, Louisiana 71111
Telephone No.: (318) 747-0384
Telecopier No.: (318) 746-5222
LA Bar Roll No. 22,191
ATTORNEY FOR DRAKE DAVID

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this _____ day of _____, 2019, served a copy of the foregoing pleading on counsel for all parties to this proceedings, by serving same attached to the foregoing Petition for Damages.

_____
**JOSEPH A. GREGORIO**