UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DRAKE DAVID                                    CIVIL ACTION NO. 19-cv-0623

VERSUS                                         JUDGE DOUGHTY

MANUEL MARTINEZ, ET AL                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Drake David ("Plaintiff") filed this suit in state court for damages he sustained in a car accident. Defendants Manuel Martinez, Asplundh Tree Expert, LLC, and Greenwich Insurance company removed the case to this court on a basis of diversity jurisdiction, which puts the burden on the removing parties to show complete diversity of citizenship of the parties and an amount in controversy greater than $75,000.

The notice of removal states that Plaintiff is domiciled in Louisiana and that defendant Manuel Martinez is a domiciliary of Texas. These allegations are sufficient as to these two parties.

The notice states that Asplundh Tree Expert, LLC is a corporation organized under Pennsylvania law. However, its name suggests that it is a limited liability company. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements,

Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

To avoid any doubt about subject-matter jurisdiction, the removing defendants should file an amended notice of removal that contains specific allegations with respect to the form of entity of Asplundh. If they continue to contend that it is a corporation, they should explain the inclusion of LLC in its name and cite legal authority for including those letters in the name of a corporation formed under Pennsylvania law. They will also need to allege the state in which Asplundh has its principal place of business. If Asplundh is actually a limited liability company, the amended notice of removal will need to set forth its members and their citizenship in accordance with the rules set forth above.

The notice of removal states that Plaintiff's claims exceed $75,000 but gives no facts in support of this statement. Plaintiff's petition contains only a short description of his alleged injuries (pain in neck, back, and shoulders) and a standard list of categories of damages. Such general allegations are of limited weight in assessing the amount in controversy. Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W.D. La. 2012). The court takes no position on whether the notice is sufficient with regard to the amount in controversy. However, the removing defendants may wish to take this opportunity to set forth specific facts to ensure that they have met their burden with respect

to this issue.  Helpful facts may include the amount of any pre-suit settlement demands, a description of the nature, duration, and expense of any medical care, and any other particular facts regarding the alleged injuries and losses.  The deadline for filing the amended notice of removal is **June 10, 2019.**

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of May, 2019.

Mark L. Hornsby
U.S. Magistrate Judge