UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DRAKE DAVID                                    CIVIL ACTION NO. 19-cv-0623

VERSUS                                         JUDGE DOUGHTY

MANUEL MARTINEZ ET AL                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Drake David ("Plaintiff") filed this suit in state court for damages he sustained in a car accident. Defendants Manuel Martinez, Asplundh Tree Expert, LLC, and Greenwich Insurance company removed the case to this court on a basis of diversity jurisdiction, which puts the burden on the removing parties to show complete diversity of citizenship of the parties and an amount in controversy greater than $75,000.

The notice of removal states that Plaintiff is domiciled in Louisiana and that defendant Manuel Martinez is a domiciliary of Texas. These allegations are sufficient as to these two parties.

Defendants, on instructions from the court, filed an amended notice of removal that provided additional citizenship information for Asplundh Tree Expert, LLC. The amended notice states that Asplundh has three members. The first two are described as companies, and their state of organization and state of principal place of business are provided. The names imply that the companies are corporations, but to avoid any doubt with respect to jurisdiction, the notice of removal should again be amended to clarify that the entities at issue are corporations and not some other form of company for which the citizenship rules

might be different. The third member is Gorilla Investor, LLC, which is said to be wholly owned by Gorilla Holdco, Inc., a company organized under Delaware law with its principal place of business in Delaware. The allegations with respect to Gorilla should clarify, if correct, that Gorilla Holdco, Inc. is the sole member of the LLC and that it is a corporation and not some other form of company.

One of the removing defendants is Greenwich Insurance Company, which is described in the original and amended notices of removal as "a foreign insurance company organized under the State of Delaware." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Defendants need to clarify whether Greenwich is a corporation and, if so, allege its state of incorporation and the state of its principal place of business. If Greenwich is some other form of company, its citizenship must be alleged in accordance with applicable rules.

Defendants will be allowed until **June 24, 2019** to file a second amended notice of removal and address these issues.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of June, 2019.

Mark L. Hornsby
U.S. Magistrate Judge